UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                           CASE NO.:   2:17-cr-78-FtM-38NPM
                                                                   2:12-cr-140-FtM-29DNF

DWAYNE HARRIS
_____

### **ORDER**[1]

Before the Court is *pro se* Defendant Dwayne Harris' Motion for Resentencing Under 18 U.S.C. § 3582(c)(1)(A), 18 U.S.C. § 4205(g) and the CARES Act (Doc. 107) dated April 3, 2020, and the Government's responses in opposition (Doc. 109) filed April 22, 2020. Harris has also moved for an expedited ruling on his motion because a correctional officer where he is incarcerated has tested positive for COVID-19.[2] (Doc. 111). Both motions are denied for the below reasons.

Almost three years ago, the Court sentenced Harris (in absentia) to 51 months for fraud and theft crimes (Doc. 94) to run consecutive to an 18-month term of imprisonment for violating his terms of supervised release on another federal case.[3] He is incarcerated at FCI Coleman Low, where about four inmates and correctional guards have tested positive for COVID-19. (Doc. 110 at 10; Doc. 111). Harris says he is "uniquely vulnerable" to COVID-19 because he "suffers from heart disease, diabetes, and obesity." (Doc. 107

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] On March 13, 2020, President Donald Trump declared a national emergency because of COVID-19, also known as the new coronavirus.

[3] The other federal case is styled as, *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF (M.D. Fla.).

at 2). He also argues that he is a non-violent offender in an overcrowded prison where social distancing is impossible. He thus wants the Court to modify his sentence, grant him compassionate release, or transfer him to home confinement.

A court may not modify a term of imprisonment once imposed. 18 U.S.C. § 3582(c)(1). But this rule has exceptions. A court may reduce a sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i). The court may do so by motion of the (1) Director of the Bureau of Prisons ("BOP"); or (2) "defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

After reviewing the law and facts presented here, the Court finds that Harris has neither exhausted his administrative remedies nor shown extraordinary and compelling reasons for compassionate release. First, Harris—not the BOP—has filed this motion. His motion does not state he has exhausted his administrative requirements or that the Government waives or forfeits compliance with them. At most, Harris' motion attaches an unsigned document titled, "Request for Consideration Memorandum" dated March 15, 2020, from Harris to "Warden Kathy Lane" for compassionate release from prison because of COVID-19. But it is unclear if Harris submitted the document to the Warden, especially when the Government provides evidence that Harris did not. (Doc. 110-1).

Even if Harris submitted the document, he did not provide the Warden with the required minimum information like where he will live, how he will support himself, where he will receive medical treatment, and how he will pay for treatment if released. *See* 28

C.F.R. § 571.61(a) (identifying minimum information needed in an inmate's request for consideration under 18 U.S.C. § 3582(c)(1)(A)).  Because Harris has not exhausted his administrative remedies, the Court lacks authority to grant him relief under § 3582(c)(1)(A)(i).

Even assuming Harris exhausted the administrative remedies, his motion fails to show "extraordinary and compelling" reasons to warrant compassionate release.  A reduction for extraordinary and compelling circumstances must be the United States Sentencing Commission's policy statements.  18 U.S.C. § 3582(c)(1)(A).  Court thus turn to U.S.S.G. § 1B1.13, which lists four circumstances as extraordinary and compelling under § 3582(c)(1)(A): serious medical condition, advanced age and deteriorating health, family circumstances, and other extraordinary and compelling reasons the BOP Director determines.  U.S.S.G. § 1B1.13, cmt. n.1.

None of the circumstances Harris relies on falls within the Commission's policy statement.  He provides no medical evidence to support his alleged serious medical conditions.  *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release because of absence of corroboration from medical provider that defendant could not provide self-care or suffers a serious medical condition).  He is thirty-eight years old and does not allege his health is deteriorating.  Although Harris' incarcerated father had a heart attack, the motion mentions no other family circumstances.  And the BOP Director has not found COVID-19 alone to be a basis for compassionate release.  *See United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns

3

about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.").

In conclusion, although the Court understands Harris' (and the world's) concern about the dangers of COVID-19, it does not possess the authority to modify or reduce his sentence under the facts here. What is more, Harris has not established that the steps being taken by the BOP and his current facility are insufficient under his personal circumstances.

Accordingly, it is

**ORDERED:**

(1) Defendant Dwayne Tyree Harris' Motion for Resentencing (Doc. 107) is **DENIED without prejudice**.

(2) Harris' Emergency Motion to Amend and Supplement Motion for Resentencing (Doc. 111) is **DENIED as moot**.

(3) The Clerk is **DIRECTED** to place a copy of this Opinion and Order in *United States v. Harris*, No. 12-cr-140-FtM-29DNF and deny as moot Harris' duplicative motion (Doc. 68).

**DONE and ORDERED** in Fort Myers, Florida on this 24th day of April 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record